United States District Court
Southern District of Texas
**ENTERED**
September 18, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| BARRY RANDOLPH and MARGUERITE RANDOLPH, Plaintiffs, | § § § § § | CIVIL ACTION NO 4:23-cv-03573 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| THE CHEESECAKE FACTORY RESTAURANTS, INC, *et al*, Defendants. | § § § § § | |

## OPINION AND ORDER
## GRANTING MOTION FOR SUMMARY JUDGMENT

The separate motions by Defendants The Cheesecake Factory Restaurants, Inc, and Charles Waters, and Defendants Brookfield Properties, LLC, Jeffery Gionnette, and Baybrook Mall, LLC, are granted. Dkts 33 & 34.

This case arises out of a slip-and-fall incident on Defendants' premises on July 29, 2021. Dkt 22 at 3–4 (first amended complaint). Plaintiffs Barry and Marguerite Randolph allege that Barry, who is legally blind, fell off a curb outside a Cheesecake Factory restaurant. Id at 4. Plaintiffs allege that the curb/sidewalk had a "significant change in size, specifically the width, with no observed markings or signage indicating an upcoming change." Ibid. Plaintiffs brought various state law negligence and premise liability actions against Defendants seeking damages. Dkt 22 at 5–6.

Defendants removed to federal court in September 2023. Dkt 1. Plaintiffs filed their first amended complaint in January 2024. Dkt 22. Discovery proceeded. Defendants

then filed motions for summary judgment in January 2025. Dkts 33 & 34. Plaintiffs failed to respond. The motions are thus treated as unopposed. Local Rule 7.4.

"When a plaintiff fails to defend a claim in response to a motion to dismiss or summary judgment motion, the claim is deemed abandoned." *Arias v Wells Fargo Bank, NA*, 2019 WL 2770160, *2 (ND Tex), citing *Black v Panola School District*, 461 F3d 584, 588 n 1 (5th Cir 2006); *Hargrave v Fibreboard Corp*, 710 F2d 1154, 1164 (5th Cir 1983); see also Local Rule 7.4. Notwithstanding such failure to respond, a light address of the merits will still be considered to ensure that the Defendants are legally entitled to judgment as the movants. *Eversley v MBank Dallas*, 843 F2d 172, 174 (5th Cir 1988).

The first amended complaint doesn't actually specify exact causes of action against Defendants. But it appears they intend claims for general negligence and premises liability. Dkt 22 at 5.

*As to a limitations defense*, this action originated in state court on the final day of the two-year period for the pertinent statute of limitations. The Cheesecake Factory points out that Plaintiffs haven't provided any explanation for delay in its service of The Cheesecake Factory after filing. Indeed, it appears that it has never been formally served with citation. Dkt 33 at 6. As such, no fact issue exists as to Plaintiffs' failure to comply with the statute of limitations. Id at 6–7. Dismissal of The Cheesecake Factory is warranted on this basis alone.

*As to the general negligence claim*, Defendants correctly indicate that Plaintiffs provide no evidence of ongoing or contemporaneous activity by them or their employees at the time of the alleged accident, as required by Texas law. Dkts 33 at 8 & 34 at 6. And in any event, such negligence claim (if intended as such) is more appropriately pleaded as one for defect in the premises, as considered next. Regardless, without any evidence submitted as to negligent activity, the negligence claim must be dismissed.

*As to the premises-liability claim*, Defendants again rightly point out that Plaintiffs haven't provided evidence in support. Dkts 33 at 13–14 & 34 at 8. Where pertinent as to action against each of them, Defendants establish that the claim fails as a matter of law because Plaintiffs haven't established control or causation as required, and regardless, the subject sidewalk posed no dangerous condition; instead, it complied with industry standards and the building code. Dkts 33 at 10–14 & 34 at 10; see also Dkts 33-1 & 34-1 at 24. Without any evidence to the contrary, no material issue of fact exists for this claim.

Defendants also correctly establish that Marguerite Randolph's claims fail as a matter of law since they rise and fall with those of her husband. Dkts 33 at 14 & 34 at 14. See also *Barker v Halliburton Co*, 645 F3d 297, 300 (5th Cir 2011) (holding that claim for loss of consortium failed when derivative of dismissed tort claim).

The motions for summary judgment are GRANTED. Dkts 33 & 34.

This action is DISMISSED WITH PREJUDICE.

Any other pending motions are DENIED AS MOOT. For example, see Dkt 37.

A FINAL JUDGMENT will enter separately.

SO ORDERED.

Signed on September 17, 2025, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

3